UNITED STATES COURT OF INTERNATIONAL TRADE

| | | |
|---|---|---|
| KINGTOM ALUMINIO S.R.L., | : | |
| Plaintiff, | : | |
| INDUSTRIAS FELICIANO ALUMINUM, INC., ET AL., | : | |
| Consolidated Plaintiffs, and | : | |
| HIALEAH ALUMINUM SUPPLY, INC., ET AL., | : | Before: Richard K. Eaton, Judge |
| | : | Consol. Court No. 22-00072 |
| Plaintiff-Intervenors | : | |
| v. | : | |
| UNITED STATES, | : | |
| Defendant, | : | |
| and | : | |
| THE ALUMINUM EXTRUSIONS FAIR TRADE COMMITTEE, | : | |
| Defendant-Intervenor. | : | |

**ORDER**

On March 9, 2022, this action was commenced by Plaintiff Kingtom Aluminio S.R.L. ("Kingtom") to contest the U.S. Department of Commerce's ("Commerce") final results of the administrative review (during the period May 1, 2019, to April 30, 2020) of the antidumping duty order covering aluminum extrusions from the People's Republic of China ("Antidumping Duty Order"), in which Commerce found that Kingtom's imports were subject to the Antidumping Duty Order. *See Aluminum Extrusions From the People's Republic of China*, 87 Fed. Reg. 7,098 (Dep't

Consol. Court No. 22-00072 Page 2

of Commerce Feb. 8, 2022) ("Final Results") and accompanying Issues and Decision Mem. (Feb. 2, 2022) ("Final IDM"), PR 167; Summons, ECF No. 1.

On August 1, 2022, this case was stayed, pending the outcome of remand proceedings in two separate cases, *Global Aluminum Distributor LLC v. United States*, Consol. Court No. 21-00198 ("*Global Aluminum*"), and *H&E Home, Inc. v. United States*, Consol. Court No. 21-00337 ("*H&E Home*"). *See* Order (Aug. 1, 2022), ECF No. 33. Both cases challenged U.S. Customs and Border Protection's ("Customs") affirmative evasion determinations under the Enforce and Protect Act. *See Global Aluminum Distrib. LLC v. United States*, 45 CIT __, __, 579 F. Supp. 3d 1338, 1340 (2021); *H&E Home, Inc. v. United States*, 48 CIT __, __, 714 F. Supp. 3d 1353, 1355-56 (2024). Ultimately, upon remand, Customs reversed its affirmative evasion finding with respect to Kingtom in both cases, concluding that Kingtom did not evade the Antidumping Duty Order (nor the relevant countervailing duty order). *See Global Aluminum Distrib. LLC v. United States*, 46 CIT __, __, 585 F. Supp. 3d 1352, 1354-55 (2022); *H&E Home, Inc.*, 48 CIT at __, 714 F. Supp. 3d at 1356.

Now before the court is Defendant's unopposed motion to remand the Final Results (Consol. Court No. 22-00072). *See* Def.'s Unopposed Mot. Voluntary Remand, ECF No. 48 ("Motion").[1] Defendant asks the court to remand the Final Results "to enable the Department of Commerce to revisit the record in light of [the] remand results in *Global Aluminum* . . . and *H&E Home*." *Id.* at 2.

---

[1] According to Defendant's Motion, defense counsel contacted counsel for each party, seeking their consent to the Motion. Motion at 2. Plaintiff, Consolidated Plaintiffs, and Plaintiff-Intervenors consented to the motion. *Id.* Defendant-Intervenor, through its counsel, indicated that it did not oppose the requested remand. *Id.*

Commerce "may seek a remand to reconsider its decision because of intervening events outside of the agency's control." *SKF USA Inc. v. United States*, 254 F.3d 1022, 1028 (Fed. Cir. 2001). In such a situation, "[a] remand is generally required if the intervening event may affect the validity of the agency action." *Id.* Commerce "may [also] request a remand (without confessing error) in order to reconsider its previous position." *Id.* at 1029. In that case, "the reviewing court has discretion over whether to remand." *Id.* "[A] remand is usually appropriate" when Commerce's "concern is substantial and legitimate." *Id.*

Remand is appropriate here because the remand results in *Global Aluminum* and *H&E Home* constitute an "intervening event [that] may affect the validity of the agency action." *Id.* at 1028.

In addition, Commerce's "concern is substantial and legitimate." *Id.* at 1029. By its Motion, Defendant acknowledges that "Commerce heavily relied on [the] determinations by U.S. Customs and Border Protection . . . that Kingtom was evading the antidumping duty order on aluminum extrusions from the People's Republic of China . . . and transshipping subject merchandise through the Dominican Republic." Motion at 2-3. Defendant asserts that Custom's evasion determinations were "a central underlying element relevant to Commerce's decision." *Id.* at 7. Because, upon remand, Customs reversed its affirmative evasion determinations in *Global Aluminum* and *H&E Home*, remand is appropriate here so that Commerce can reevaluate its reliance on those determinations.

Accordingly, it is hereby

**ORDERED** that Defendant's Motion is granted; it is further

**ORDERED** that the stay on proceedings created by the court in ECF No. 33 is lifted; it is further

**ORDERED** that the case is remanded to Commerce to reconsider its determinations in the Final Results and the accompanying Final IDM, in light of the remand results of *Global Aluminum* and *H&E Home*, and, if appropriate, to reopen the record and to seek additional information and submissions as needed; it is further

**ORDERED** that Commerce shall submit a remand redetermination within 120 days of this Order, or by March 6, 2025; it is further

**ORDERED** that the parties shall file their comments in opposition to the remand redetermination, if any, within 30 days of the deadline for the submission of the remand redetermination, or by April 5, 2025; it is further

**ORDERED** that the parties shall file any comments in support of the remand redetermination, if any, within 30 days of the deadline for comments in opposition to the remand redetermination, or by May 5, 2025.

/s/ Richard K. Eaton
Judge

Dated: November 6, 2024
       New York, New York