A-570-967<br>
Remand<br>
Court No. 22-00072<br>
**Public Document**<br>
E&C/OVI:  MF

*Kingtom Aluminio, S.R.L., et al v. United States*
Court No. 22-00072
**Aluminum Extrusions from the People's Republic of China**

**FINAL RESULTS OF REDETERMINATION PURSUANT TO COURT REMAND**

**I.    SUMMARY**

The U.S. Department of Commerce (Commerce) prepared these final results of redetermination pursuant to the *Remand Order* of the U.S. Court of International Trade (CIT or the Court) issued on November 6, 2024.[1] These final results of redetermination concern the final results of the 2019-2020 administrative review of the antidumping duty (AD) order on aluminum extrusions from the People's Republic of China (China).[2]

In its *Remand Order*, the Court remanded this case to Commerce to reconsider our determinations in the *Final Results* in light of the remand results of *Global Aluminum*[3] and *H&E Home*,[4] and, if appropriate, to reopen the record and to seek additional information and submissions as needed.

As set forth in detail below, pursuant to the Court's *Remand Order*, Commerce has reconsidered our determinations in the *Final Results* in light of the remand results of *Global Aluminum*[5] and *H&E Home*.  For purposes of these final results of redetermination, we accept

---

[1] *See Kingtom Aluminio S.R.L., et al. v. United States,* Court No. 22-00072, ECF No. 49 (November 6, 2024) (*Remand Order*).
[2] *See Aluminum Extrusions from the People's Republic of China:  Final Results of Antidumping Duty Administrative Review; 2019-2020*, 87 FR 7098 (February 8, 2022) (*Final Results*), and accompanying Issues and Decision Memorandum (IDM).
[3] *See Global Aluminum Distrib. LLC v. United States*, 585 F. Supp. 3d 1338 (CIT 2022) (*Global Aluminum*).
[4] *See H&E Home, Inc. v, United States*, 714 F. Supp. 3d 1353 (CIT 2024) (*H&E Home*).
[5] *See Global Aluminum* 585 F. Supp. 3d at 1338.

Kingtom's No Shipments Letter[6] and determine that Kingtom had no dutiable entries of subject merchandise into the United States during the period of review (POR). Consequently, upon the final decision of the Court, we intend to publish in the *Federal Register* a notice of amended final results which states our determination that there are no reviewable entries during the POR by Kingtom and rescinds the administrative review with regard to that company.

## II.    BACKGROUND

In the *Final Results*, Commerce made no change from the *Preliminary Results*,[7] in which we had rejected the contention in Kingtom's No Shipments Letter that it had no entries of subject merchandise during the POR.[8] We found that Kingtom did have entries of subject merchandise during the POR because CBP had specifically recategorized Kingtom's entries as type 03 (*i.e.*, entry for consumption subject to AD/CVD duties) based upon its determination of evasion.[9] In the *Preliminary Results*, we stated:

> Here, {U.S. Customs and Border Protection} CBP has, through its {Enforce and Protect Act} EAPA proceedings, determined that there has been both evasion of antidumping duties regarding the entries in question and transshipment. Thus, the entries of aluminum extrusions by Kingtom are subject to the *Order*. It is our understanding that Congress intended for both AD/{countervailing duty} CVD trade remedy laws and CBP's evasion laws to be implemented and enforced in tandem, to prevent and address injurious dumping and subsidies, as well as to prevent and address evasion and transshipment.
>
> Moreover, we see no reason to deviate from our standard practice in response to certifications of no shipments when CBP information indicates that certain entries are subject to an AD or CVD order.

---

[6] *See* Kingtom's Letter, "Certification of No Sales, Shipments, or Entries," dated August 10, 2020 (Kingtom's No Shipments Letter).
[7] *See Aluminum Extrusions from the People's Republic of China: Preliminary Results of Antidumping Duty Administrative Review and Rescission of Review, in Part; 2019-2020*, 86 FR 43168 (August 6, 2021) (*Preliminary Results*), and accompanying Preliminary Decision Memorandum (PDM).
[8] *See* Kingtom's No Shipments Letter at 2.
[9] *See Preliminary Results* PDM at 4; *see also* Petitioner's Letter, "Comments on Kingtom's Section A Questionnaire Response," dated January 7, 2021, at Attachment 1 (CBP's November 2, 2020, EAPA Consolidated Investigation 7348 Determination, which states (at 18): "For those entries previously extended in accordance with Interim Measures, CBP will rate adjust and change those entries to type 03 and continue suspension until instructed to liquidate these entries.").

> Consequently, we preliminarily find that Kingtom's statement of no shipments conflicts with its own statements and with CBP's EAPA Final Determination. Accordingly, if this finding is unchanged in the final results of this review, we will instruct CBP to assess antidumping duties on Kingtom's POR entries at the applicable AD rate.[10]

In the *Final Results*, we stated:

> Commerce was under no obligation in this administrative review to second-guess the EAPA Final Determinations made by CBP, challenge the procedures taken by CBP in conducting its EAPA investigation, or 'peek behind the curtain' of the merits of its transshipment and evasion conclusions.[11]

Additionally, we stated:

> CBP has determined that Kingtom evaded antidumping duties regarding the entries covered by those EAPA investigations and transshipped Chinese-origin aluminum extruded products, *i.e.*, merchandise subject to the *Order* during a certain time period which overlaps with the entire period of this review. It remains our understanding that Congress intended for AD/CVD trade remedy laws and CBP's evasion laws to be implemented and enforced harmoniously and in tandem, to prevent and address injurious dumping and subsidies, as well as to prevent and address evasion and transshipment. Accordingly, based on the above, we will not reconsider CBP's treatment of the entries under review as type 03 and have made no changes to our *Preliminary Results* with respect to Kingtom's exports of subject merchandise.[12]

Hence, Commerce made it clear in both the *Preliminary Results* and the *Final Results* that our evaluation of the treatment of the entries under review as type 03 was made to be consistent with CBP's determinations of evasion and the resultant recategorization of Kingtom's entries.[13]

---

[10] *See Preliminary Results* PDM at 13 (internal citations omitted).
[11] *See Final Results* IDM at 16.
[12] *Id.* at 19-20 (internal citations omitted).
[13] Indeed, this position was mirrored and succinctly explained in our treatment of the scope inquiry request submitted by Kingtom; *see* Memorandum, "Placement of Scope Initiation Deferral Letter on the Record," dated July 30, 2021, at Attachment pages 1-2:

> On the record of the AD administrative review is the public version of CBP's November 2, 2020, Enforce and Protect Act (EAPA) Consolidated Investigation 7348 determination that Global and other importers entered covered Kingtom merchandise into the customs territory of the United States through evasion. CBP suspended or continued to suspend the entries subject to that investigation. For entries previously suspended in accordance with its interim measures, CBP rate-adjusted and changed those entries to type 03 and continued suspension. CBP's determination additionally referenced the then-ongoing EAPA Consolidated Investigation 7428, which

On March 9, 2022, Kingtom filed suit challenging the *Final Results*, while it and other interested parties simultaneously challenged CBP's EAPA determinations in separate lawsuits.[14] On August 1, 2022, this case was stayed pending the outcome of remand proceedings in the two cases involving the EAPA determinations, *Global Aluminum* and *H&E Home*.[15] In both cases, the Court upheld CBP's determinations, on remand, to reverse its affirmative evasion finding with respect to Kingtom.[16] Therefore, the Court in this case granted Commerce's motion for a voluntary remand to consider the impact of *Global Aluminum* and *H&E Home* on Commerce's findings in the *Final Results*.[17]

On January 31, 2025, we released our draft results of redetermination to interested parties.[18] On February 7, 2025, Kingtom timely submitted comments on the Draft Results.[19] No other party commented.

## IV.   ANALYSIS

In the *Remand Order*, the Court ordered that "…the case is remanded to Commerce to reconsider its determinations in the *Final Results* and the accompanying Final IDM, in light of

---

also included Kingtom, Global, and other importers.  The periods of investigation for these two EAPA proceedings are (a) January 10, 2019, through January 28, 2021, and (b) October 9, 2018, through November 2, 2020.

  With respect to Kingtom's request that we conduct this scope review in conjunction with the ongoing 2019-2020 AD administrative review, these CBP measures therefore encompass all of Kingtom's entries subject to the ongoing AD administrative review's period of review of May 1, 2019, through April 30, 2020, which are suspended as type 03 entries.  We must consider these determinations conclusive under section 517 of the Tariff Act of 1930, as amended, in the context of the administrative review.  Consequently, for entries covered by completed or ongoing EAPA proceedings, or appeals or litigation arising from them, we defer initiation of this scope inquiry until such time as there are entries not subject to EAPA proceedings or until the parties to the EAPA proceedings have exhausted all other administrative and legal remedies.

[14] *See* Summons, ECF No. 1 (March 10, 2022) and Complaint, ECF No. 8 (April 8, 2022).
[15] *See* Order, ECF No. 33 (August 1, 2022).
[16] *See Global Aluminum,* 585 F. Supp. 3d at 1355*; see also H&E Home,* 714 F. Supp. 3d at 1380.
[17] *See Remand Order* at 1-3.
[18] *See* Draft Results of Remand Redetermination, *Kingtom Aluminio S.R.L., et al. v. United States,* Court No. 22-00072, ECF No. 49, dated November 6, 2024 (Draft Results).
[19] *See* Kingtom's Letter, "Comments on Draft Results of Redetermination Pursuant to Court Remand," dated February 7, 2025 (Kingtom Remand Comments).

the remand results of *Global Aluminum* and *H&E Home*, and, if appropriate, to reopen the record and to seek additional information and submissions as needed."[20]

As an initial matter, we find that it is not necessary to reopen the record of this administrative review to seek additional information or submissions because all necessary information already exists on the underlying record of this proceeding.

In *Global Aluminum*, the Court sustained CBP's remand redetermination, which found that there "was not substantial evidence to support a finding of evasion" by Kingtom.[21] Likewise, in *H&E Home*, the Court sustained CBP's remand redetermination, which found that "substantial evidence on the record as a whole does not support a finding of evasion" by Kingtom.[22]

In the *Initiation Notice* for this administrative review, we stated that parties that had "no exports, sales, or entries" of subject merchandise during the POR must notify Commerce.[23] Kingtom timely submitted a No Shipments Letter in response.[24] Thereafter, Commerce followed its standard practice in cases where a party submits a statement of no shipments and Commerce issued instructions to Customs requesting data on any POR entries by the company in question. In verifying Kingtom's No Shipments Letter in this manner, we found that Kingtom's POR entries were classified as type 03.[25] Now, however, with no finding of evasion, the basis for CBP's recategorization of Kingtom's POR entries as type 03 no longer exists. Absent the finding of evasion and CBP's recategorization of Kingtom's POR entries as type 03, we find that the basis for finding that Kingtom had POR entries of subject merchandise also no longer exists.

---

[20] *Id.* at 4.
[21] *See Global Aluminum*, 585 F.Supp.3d at 1355.
[22] *See H&E Home*, 714 F.Supp.3d at 1365, 1380.
[23] *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 85 FR 41540 (July 10, 2020) (*Initiation Notice*). at 41540.
[24] *See Preliminary Results* PDM at 11; *see also* Kingtom's No Shipments Letter.
[25] *See Preliminary Results* PDM at 11.

Consequently, we accept Kingtom's No Shipments Letter and find for these final results of redetermination that Kingtom had no shipments of subject merchandise during the POR.

### III. INTERESTED PARTY COMMENTS ON DRAFT RESULTS OF REDETERMINATION

As stated above, on January 31, 2025, we released our Draft Results to interested parties.[26] On February 7, 2025, Kingtom timely submitted comments, in which it stated that it "agrees with Commerce's determination" in the Draft Results.[27] We received no other comments. Therefore, we are making no changes for these final results of redetermination.

### V. FINAL RESULTS OF REDETERMINATION

For these final results of redetermination, we find that Kingtom had no shipments of subject merchandise during the POR. Upon a final and conclusive decision in this litigation, as appropriate, Commerce will publish in the *Federal Register* a notice of amended final results stating that, since there are no reviewable entries during the POR by Kingtom, the 2019-2020 administrative review of the AD order on aluminum extrusions from China is rescinded with regard to Kingtom. Commerce will issue appropriate instructions to CBP consistent with these final results of redetermination.

3/3/2025

X *(signature)*

Signed by: CHRISTOPHER ABBOTT

Christopher Abbott
Deputy Assistant Secretary
 for Policy and Negotiations,
 performing the non-exclusive functions and duties
 of the Assistant Secretary for Enforcement and Compliance

---

[26] *See* Draft Results.
[27] *See* Kingtom Remand Comments.